

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2011

# USA v. Stanley Foote

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-3607

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"USA v. Stanley Foote" (2011). *2011 Decisions*. Paper 831.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/831

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3607
_____

UNITED STATES OF AMERICA

v.

STANLEY FOOTE,
also known as
MURDER

Stanley Foote,
Appellant
_____

On Appeal from the United States District Court
for the District of  New Jersey
District Court  No. 2-07-cr-00549-001
District Judge: The Honorable William H. Walls
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 11, 2011

Before: RENDELL, SMITH, and FISHER, *Circuit Judges*

(Filed: July 21, 2011)
_____

OPINION
_____

SMITH, *Circuit Judge.*

Stanley Foote pleaded guilty, pursuant to a written plea agreement, to being a

1

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The United States

District Court for the District of New Jersey sentenced him to, *inter alia*, 110 months of

imprisonment.  This timely appeal followed.[1]  We will affirm.

Foote contends that the District Court committed legal and factual error in

applying a four-level sentencing enhancement under United States Sentencing Guideline

§ 2K2.1(b)(6).[2]  According to Foote, the District Court improperly placed the burden on

him of proving that the enhancement did not apply.  In addition, Foote contends that the

District Court committed clear error as it could not have found that he had reason to

believe that the firearm would be used or possessed in connection with a drug transaction.

Foote appropriately recognizes that we "review factual findings relevant to the

Guidelines for clear error and . . . exercise plenary review over a district court's

interpretation of the Guidelines."  *United States v. Grier*, 475 F.3d 556, 570 (3d Cir.

2007) (en banc).

"Proper application of the four-level enhancement under § 2K2.1(b)(6) requires

finding, by a preponderance of the evidence," that the defendant transferred a firearm

with a reason to believe that it would be used or possessed in connection with another

felony offense.  *United States v. West*, __F.3d __,  2011 WL 1602084, at *5 (3d Cir.

2011).  After consideration of the record, we conclude that the District Court properly

---

[1]    The District Court exercised jurisdiction under 18 U.S.C. § 3231.   We have
jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[2]    Section 2K2.1(b)(6) provides for a four-level enhancement "[i]f the defendant . . .
transferred any firearm . . . with knowledge, intent, or reason to believe that it would be
used or possessed in connection with another felony offense[.]"  U.S.S.G. § 2K2.1(b)(6).

2

applied this enhancement. It did not, contrary to Foote's assertion, shift the burden to Foote to disprove the applicability of the enhancement. Its questions were simply part of its exchange with counsel prior to ruling on Foote's objection to the enhancement.

Nor are we persuaded that the District Court committed clear error. Foote did not take issue with the presentence report's factual averments, which established that he either brokered or sold drugs on a number of occasions to a confidential informant in quantities indicative of the informant's intent to distribute, and that he subsequently sold a firearm to this same individual. Foote argued that, because the drug and firearm transactions were separate and distinct, the evidence failed to demonstrate that he knew or reasonably believed that the firearm would be used in another felony offense. The District Court rejected Foote's argument. Citing Foote's "interactions with the confidential source before" the date of the firearm sale, the Court declared that Foote "knew that when he sold that weapon to the [confidential informant] that it, more likely than not, would be used together or as an assistance to . . . the [informant's] drug trafficking." This finding is a permissible view of the evidence. In the absence of clear error, there is no reason to disturb the District Court's determination that the enhancement applied.

We will affirm the judgment of the District Court.

3